DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>    Plaintiff,<br><br>  v.<br><br>LAURENCE A. SEARLES and BLAINE E. GREGG,<br><br>    Defendants. | Civil Action No. 2015-0021 |

**Attorneys:**
**Johanna Harrington, Esq.,**
St. Thomas, U.S.V.I.
**Ryan C. Meade, Esq.,**
Miami, FL
 *For Plaintiff*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

 THIS MATTER comes before the Court on the "Motion for Default Judgment" filed by Plaintiff, Federal National Mortgage Association ("FNMA" or "Plaintiff") on February 18, 2016 against Defendants Laurence A. Searles and Blaine E. Gregg (collectively, "Defendants") in this debt and foreclosure action. (Dkt. No. 16). For the reasons discussed below, the Court will grant Plaintiff's Motion for Default Judgment.

### I. BACKGROUND

 On March 20, 2015, FNMA filed a Complaint against Defendants Laurence A. Searles ("Searles") and Blaine E. Gregg ("Gregg"). (Dkt. No. 1). The Complaint alleges that, on January 13, 2001, Searles and Gregg executed a Promissory Note (the "Note") in which they promised to pay the lender, Virgin Islands Home Loans ("VI Home Loans"), the principal sum of $110,800.00,

together with interest at the rate of 7.75% per annum, in equal monthly installments of $793.79. (Dkt. No. 1, ¶ 5). Repayment of the loan from VI Home Loans was secured by a mortgage (the "Mortgage"), also executed on January 13, 2001 by Searles and Gregg, encumbering the following real property (the "Property"), as described in the Quit Claim Deed:

> Plot 7-DA of Estate Montpellier, Queen's Quarter, consisting of 0.326 US acre, more or less, as more fully shown on Public Works Drawing No. 1968 dated August 9, 1966.
>
> Plot 12Ha of Estate Montpellier, Queen's Quarter, consisting of 1.030 US acre, more or less, as more fully shown on Public Works Drawing No. 4526 dated March 28, 1989, revised November 18, 1991.
>
> Plot 12Aa of Estate Montpellier, Queen's Quarter, consisting of 0.073 US acre, more or less, as more fully shown on Public Works Drawing No. 395, dated April 20, 1955, and revised March 01, 1989.

(Dkt. No. 16-1). The Note and Mortgage were subsequently assigned to FNMA, which owns and/or holds the Note and Mortgage and is entitled to enforce both documents as the holder of these instruments. (Dkt. No. 1, ¶¶ 8-9).

The Complaint goes on to say that Searles and Gregg defaulted under the terms and conditions of the Note and Mortgage by failing to make the payment due on November 1, 2011 and all subsequent payments. *Id.* ¶ 10. FNMA elected to accelerate the loan, and the entire unpaid principal sum with unpaid accrued interest and late charges became immediately due and payable, amounting to $95,304.50. *Id.* ¶ 11. Searles and Gregg were sent a notice of default dated December 5, 2011. *Id.* ¶ 12. FNMA asks that judgment include all unpaid principal and interest due and payable, plus interest accruing thereafter at the legal rate until judgment is satisfied; foreclosure of the Property and an order that it be sold in satisfaction of Defendants' indebtedness; a deficiency judgment for any amount that may remain due on the judgment; and costs and fees incurred in collecting the debt. *Id.* at pp. 4-5.

Gregg was served on May 5, 2015 in Cleveland, Ohio. (Dkt. No. 4). The Magistrate Judge of this Court granted Plaintiff's motions to serve Searles by Publication, and proof of service by publication was filed with the Court. (Dkt. Nos. 8, 13).

FNMA filed an Application for Entry of Default against Gregg on September 11, 2015. (Dkt. No. 11), and the Clerk of Court entered default against him on September 18, 2015. (Dkt. No. 12). FNMA filed an Application for Entry of Default against Searles on November 3, 2015 (Dkt. No. 14), and the Clerk of Court entered default against him on December 10, 2015. (Dkt. No. 15).

On February 18, 2016, FNMA filed the instant Motion for Default Judgment (Dkt. No. 16), which contains, *inter alia,* a Memorandum of Law, an Affidavit of Indebtedness (Dkt. Nos. 16-8, 16-9), and a Declaration of Counsel. (Dkt. No. 16-11). In its Memorandum, FNMA states that the supporting documents show that Searles and Gregg own the real property at issue in this debt and foreclosure action; that Searles and Gregg executed the Note in which they promised to pay the lender, VI Home Loans, $110,800.00, with interest at the rate of 7.75% per annum in monthly installments of $793.79; and that repayment of the loan was secured by the Mortgage on the Property. (Dkt. No. 16 at 3, 4). The Memorandum further provides that because Searles and Gregg defaulted under the terms and conditions of the Note and Mortgage by failing to pay the November 1, 2011 payment and all subsequent payments, notice of default was provided to them but the default was not cured. (Dkt. No. 16-10). As a result, FNMA elected to accelerate the loan, declaring all amounts due. (Dkt. No. 16 at 5).

The Memorandum describes the multiple assignments of the Mortgage in this case. It was first assigned from VI Home Loans to Aegis Mortgage Corporation d/b/a New America Financial ("Aegis"); it was next assigned from Aegis to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for GMAC Mortgage Corporation; then it was assigned from MERS to

3

JPMorgan Chase, N.A.; and finally, it was assigned from JPMorgan Chase, N.A. to FNMA. *Id.* at 9; Dkt. Nos. 16-4, 16-5, 16-6, 16-7. The Note was endorsed by VI Home Loans to Aegis; it was next endorsed by Aegis to "blank" or holder; and FNMA is the current holder of the Note and Mortgage and entitled to enforce those instruments. *Id.*; Dkt. No. 16-2. FNMA also asserts that it has demonstrated its entitlement to default judgment under the factors set forth in *Chamberlain v. Giampapa*, 210 F.3d 154 (3d Cir. 2000). *Id.* at 11.

The Memorandum cites the Declaration of FNMA's Counsel, Johanna Harrington, who stated that service upon Searles was effected by publication in two different jurisdictions (Ohio and the Virgin Islands); Searles did not answer the Complaint or otherwise respond; based on his date of birth, he is an adult; and upon information and belief, he is competent because he entered into contracts and owns real property on St. Croix. (Dkt. No. 16-11). With regard to Gregg, the Harrington Declaration provides that he was served by substituted service on his mother at his usual place of abode in Ohio; he has not answered the Complaint or otherwise responded; based on his date of birth, he is an adult; and upon information and belief, he is competent because he borrowed money and mortgaged real property on St. Croix. *Id.* Counsel also avers that, as reflected in the Status Reports from the Department of Defense Manpower Data Center, neither Searles nor Gregg are active duty members of the U.S. Armed Forces. *Id.*; Dkt. Nos. 16-12, 16-13.

With regard to the amount of judgment it seeks, the Memorandum cited the Affidavit of Indebtedness, which sets forth the amounts due. The Affidavit of Indebtedness was signed by Jacob Shue, a Foreclosure Specialist of Seterus, Inc., FNMA's duly appointed servicer and attorney-in-fact for the loan. (Dkt. No. 16-8). In his Affidavit, Mr. Shue explains that he is familiar with the type of records maintained by Seterus in connection with the loan; the information provided in his affidavit is taken from Seterus' business records; and he has personal knowledge of how Seterus creates those records. *Id.*, ¶¶ 1-3. He avers that FNMA owns and holds the Note

4

and Mortgage and is entitled to enforce those instruments. *Id.* ¶ 6. The Affidavit sets forth the amounts due and owing FNMA through January 11, 2016: $95,304.50 in unpaid principal balance; interest from October 1, 2011 through January 11, 2016 of $31,593.37; late charges of $277.83; insurance and tax payments of $9,653.78; and recoverable balance of $5,606.62 consisting of property preservation fees, title costs, and foreclosure costs; for a total indebtedness of $142,436.10. *Id.* ¶ 8. Mr. Shue asserts that interest accrues at the per diem rate of $20.24. *Id.* He also states that Seterus has retained the law firm of Quintairos, Prieto, Wood & Boyer, P.A. to prosecute the foreclosure action, and that the firm would submit its request for attorney's fees and costs in this matter. *Id.* ¶ 9.

## II. APPLICABLE LEGAL PRINCIPLES

In a motion for default judgment, "'the factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant for purposes of a default judgment.'" *Star Pacific Corp. v. Star Atl. Corp.*, 574 F. App'x 225, 231 (3d Cir. 2014) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Catanzaro v. Fischer,* 570 F. App'x 162, 165 (3d Cir. 2014); *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951). In the context of a grant of default judgment pursuant to Federal Rule of Civil Procedure 55, "'[t]he district court must . . . conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Star Pacific Corp.,* 574 F. App'x at 231 (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).

A motion for default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemembers] Civil Relief Act.

*Bank of Nova Scotia v. Abdallah,* 2013 WL 5312399, at *5 (D.V.I. Sept. 23, 2013) (quoting *Idewu v. Sealey*, 2012 U.S. Dist. LEXIS 36783, at *6 (D.V.I. Mar. 19, 2012)); *see also* Fed. R. Civ. P. 55(b); *Island Yacht Charters, Inc. v. Malgaglio,* 2009 WL 1507406, at *1 (D.V.I. May 28, 2009). Additionally, the Court must assess three factors when determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to [defendant's] culpable conduct." *Chamberlain*, 210 F.3d at 164 (citing *United States v. $55,518.05 in U.S. Currency*, 528 F.2d 192, 195 (3d Cir. 1984)).

### III.  ANALYSIS

FNMA has satisfied all of the requirements necessary to obtain a default judgment against Searles and Gregg. It has shown that Searles was properly served by publication (Dkt. Nos. 8, 13, 16-11); he has not appeared; and default was entered against him by the Clerk of Court (Dkt. No. 15). Further, FNMA has shown that Gregg was properly served by substituted service (Dkt. No. 4); he has not appeared; and default was entered against him by the Clerk of Court. (Dkt. No. 12). In addition, in her Declaration, Plaintiff's attorney, Johanna Harrington, Esq., averred that, based on both Searles' and Gregg's dates of birth, they are adults over the age of eighteen; that "upon information and belief, Mr. Searles is competent because he entered into contracts and owns real property in St. Croix"; and that "upon information and belief, Mr. Gregg is competent because he borrowed money and mortgaged real property in St. Croix." (Dkt. No. 16-11); *see FirstBank Puerto Rico v. Jaymo Properties, LLC*, 379 F. App'x 166, 170 (3d Cir. 2010) (holding that bank

attorney's affidavit stating in good faith that defendant was a competent adult is sufficient to find that a non-appearing defendant is not a minor or incompetent person for the purposes of obtaining a default judgment).

Plaintiff also provided copies of Status Reports from the Department of Defense Manpower Data Center showing that Searles and Gregg are not active members of the military service as defined in the Servicemembers Civil Relief Act, 50 App. U.S.C. §§ 501 *et seq.* (Dkt. Nos. 16-12, 16-13). FNMA has also shown with specificity how it calculated the amount of the judgment. (Dkt. Nos. 16-8, 16-9).

The Court has considered the *Chamberlain* factors and finds that the prejudice to Plaintiff resulting from Searles' and Gregg's breach of their contractual obligations, and the apparent absence of a litigable defense weigh in favor of the Court granting default judgment. Furthermore, Searles' and Gregg's default is a result of their culpable conduct as evidenced by their failure to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.*, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint). Accordingly, default judgment is appropriate.

## IV.   CONCLUSION

FNMA has satisfied the requirements necessary for a default judgment against Defendants Laurence A. Searles and Blaine E. Gregg. Accordingly, Plaintiff's Motion for Default Judgment (Dkt. No. 16) on the debt and foreclosure causes of action in its Amended Complaint will be granted.

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: October 20, 2016                           _____/s/_____
                                                                   WILMA A. LEWIS
                                                                   Chief Judge