DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

FEDERAL NATIONAL MORTGAGE ) 
ASSOCIATION, )
 )
       **Plaintiff,** )
 )
       v. )    Civil Action No. 2015-0021
 )
LAURENCE A. SEARLES and )
BLAINE E. GREGG, )
 )
       **Defendants.** )
_____)

**Attorneys:**
**Ryan C. Meade, Esq.,**
Miami, FL
**Matthew Reinhardt, Esq.,**
St. Thomas, U.S.V.I.
    *For Plaintiff*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Motion for Attorney's Fees" (Dkt. No. 33) ("Motion") filed by Plaintiff Federal National Mortgage Association ("FNMA"). For the reasons set forth below, the Motion will be granted in part and denied in part.

### I.    BACKGROUND

In October 2016, FNMA obtained a default judgment against Defendants Laurence A, Searles and Blane E. Gregg ("Defendants") (Dkt. No. 17). In its Order, the Court granted Default Judgment in favor of FNMA against Defendants for over $140,000.00 for an unpaid promissory note. *Id.* at 2. The Court also (1) declared that, based on a mortgage executed by Defendants, FNMA held a first-priority lien against Defendants' three plots of real property on St. Croix; (2) foreclosed that Mortgage and all subsidiary liens; and (3) directed that the property be sold at a

Marshal's sale, with the proceeds to be applied to the outstanding indebtedness. *Id.* at 2-5. Further, the Court permitted FNMA to apply for an award of attorneys' fees, costs, and expenses arising from the action at any time prior to entry of an Order confirming the sale of the Property. *Id.* at 2.

FNMA subsequently filed the instant Motion for attorneys' fees and costs. (Dkt. No. 33). In that Application, FNMA seeks an award of $1,937.00 in attorneys' fees and $4,867.22 in costs associated with pursuing this debt and foreclosure action. The amounts claimed are described in an exhibit attached to the Application. (Dkt. Nos. 33-1). FNMA also seeks an additional $500.00 award for future costs consisting of a $75.00 writ fee for attaching the real property and $425.00 for the cost of publishing notice of the Marshal's sale in a local newspaper. *Id.* at 2.

## II.   APPLICABLE LEGAL PRINICIPLES

The Virgin Islands statute governing attorneys' fees states, in pertinent part: "The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties . . . ." 5 V.I.C. § 541(b). The Supreme Court of the Virgin Islands, however, has held that "although a fee arrangement for legal services is a matter of contract between the client and the attorney, courts will enforce only reasonable attorneys' fees, even if the contract itself is otherwise enforceable." *Rainey v. Hermon*, 55 V.I. 875, 880-81 (V.I. 2011); *see also Abramovitz v. Lynch*, 2007 WL 1959164, at *1 (D.V.I. June 26, 2007) (courts should not enforce contractual provisions that allow unreasonable attorneys' fees); *Yearwood Enterprises, Inc. v. Antilles Gas Corp.*, 2017 WL 6316625, at *3 n.21 (V.I. Super. Dec. 5, 2017) ("Regardless of whether the relief is awarded under V.I.R.Civ.P. 54 or 5 V.I.C. § 541(b), the Court must consider whether the attorney's fees and costs are reasonable"). In addition, the Virgin Islands Rules of Professional Conduct forbid any attorney from making any agreement for or charging "unreasonable fee[s]" or expenses. V.I. Sup. Rule 211.1.5(a).

"To determine a fair and reasonable award of attorneys' fees [under 5 V.I.C. § 541(b)], the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the certainty of compensation." *United States v. Woods*, 2016 WL 6471448, at *9 (D.V.I. Oct. 31, 2016) (quoting *Staples v. Ruyter Bay Land Partners, LLC*, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008) (citing cases)). Generally, when evaluating the reasonableness of a claim for attorneys' fees, the court undertakes a two-step analysis. First, the court determines whether the hourly rate sought is reasonable in comparison to prevailing market rates in the relevant community "'for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Williams v. Ranger American of V.I., Inc.*, 2017 WL 2543293, at *1 (D.V.I. June 12, 2017); *see also Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001) (evaluating attorneys' fees claim based on experience and skill of prevailing party's attorneys as compared to local attorneys with comparable skill, experience, and reputation). The second step requires the court to decide whether the total hours billed were "'reasonably expended,' excluding time billed that is 'excessive, redundant, or otherwise unnecessary.'" *Phillips v. FirstBank Puerto Rico*, 2018 WL 1789546, at *3 (D.V.I. April 12, 2018) (quoting *Flagstar Bank, FSB v. Stidiron*, 2013 WL 5941298, at *6 (D.V.I. Oct. 31, 2013)).

Costs, other than attorneys' fees, allowed under 5 V.I.C. § 541 include: (1) fees of officers, witnesses and jurors; (2) expenses of taking depositions which were reasonably necessary in the action; (3) expenses of publication of the summons or notices, and the postage when they are served by mail; (4) compensation of a master as provided in Fed. R. Civ. P. 53; and (5) expenses of copying any public record, book, or document used as evidence at trial. 5 V.I.C. § 541(a). In order for these costs to be reimbursed, they also must be reasonable. *See Creative Minds, LLC v. Reef Broadcasting, Inc.*, 2014 WL 4908588, at *1 (V.I. Super. Sept. 24, 2014).

Similarly, in order to recover "expenses"—if permitted under the contract—the expenses must be reasonable. *See Rainey*, 55 V.I. at 880-81. Under Virgin Islands law, reasonable expenses related to title searches, filing and recording fees, and process server fees are appropriate expenses that may be recovered. *Matrix Financial Services Corp. v. Laurent*, 2016 WL 2757698, at *6. However, "overhead costs," such as postage and messenger fees, are not compensable. *See Creative Minds, LLC*, 2014 WL 4908588, at *1 (refusing reimbursement of postage and photocopying).

### III. DISCUSSION

#### A. Attorneys' Fees

Both the Promissory Note and the Mortgage enforced in this case provided for the FNMA's right to recover expenses, costs and attorneys' fees if FNMA was required to enforce the terms of the Note. (Dkt. Nos. 1-1 at ¶ 6(E); 1-2 at ¶¶ 7, 13). Based upon these provisions, FNMA seeks $1,937.00 in attorneys' fees based upon a flat-rate agreement it has with its attorneys. (Dkt. No. 49-1).

Turning first to the hourly rate charged, Virgin Islands courts "'have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour.'" *Williams*, 2017 WL 2543293, at *2. *See also Bank of Nova Scotia v. Davis*, 2019 WL 7593154, at *2 (D.V.I. Sept. 13, 2019) (acknowledging attorneys' rates generally span from $125 to $300 per hour); *Ditech Financial, LLC v. Felice*, 2019 WL 4941365, at *3 (D.V.I. 2019) (awarding attorneys' fees at an hourly rate of $250 for a standard residential mortgage foreclosure case); *Bank of Nova Scotia v. Robinson*, 2018 WL 1513269, at *5 (D.V.I. March 13, 2018) (awarding attorneys' fees at a $300 hourly rate in foreclosure proceeding).

FNMA acknowledges that it pays its attorneys a flat fee for these types of cases and it appears that proportionate payments are billed at specific stages. (Dkt. No. 49-1 at 1). At these stages, whatever lump sum payment is made is recorded as attributed to one hour of legal work, which clearly results in an hourly rate that is neither accurate nor reasonable. *Id.*[1] Rates at $360 per hour for a run-of-the-mill foreclosure case is unreasonable under the case law developed in Virgin Islands courts. It also appears from the billing records that additional work is billed at $215 per hour. This rate is reasonable for an uncontested foreclosure case, and the Court will use the $215 per hour rate as the applicable rate for the legal services rendered.

When reviewing the reasonableness of the time expended, FNMA seeks compensation for what is listed as 7.50 hours of work billed in this matter. (Dkt. No. 33-2). The total time expended here is not unusual for a default foreclosure action. Thus, the Court finds that the claimed 7.5 hours were reasonably expended in this case.

In view of the foregoing, the Court will enter an award of attorneys' fees for 7.5 hours billed at $215 per hour, for a total award of $1,612.50 for attorneys' fees. This award of attorneys' fees is comparable to fees awarded in other uncontested mortgage foreclosure cases—as here—without any unusual issues. *See, e.g., Bank of Nova Scotia v. Robinson*, 2018 WL 1513269, at *5 (awarding a total of $1,690.00 in attorneys' fees in uncontested foreclosure proceeding); *Bank of*

---

[1] Regardless of the nature of the agreement between FNMA and its attorneys, it has been long-recognized that where a prevailing party seeks to recover its attorneys' fees, that party's attorneys are required to keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed. *Hensley v. Eckerhart*, 461 U.S. 424, 441 (1983) (Burger, C.J., concurring); *see Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) (party seeking attorneys' fees has the burden to present evidence establishing that the hours worked, and rates claimed, are reasonable); *NXIVM Corp. v. Sutton*, 2019 WL 4010859, at *14 (D.N.J. Aug. 26, 2019) (attorney's records must be "sufficiently detailed to permit a conclusion about the reasonableness of the hours claimed.").

*Nova Scotia v. Brooks*, 2017 WL 987449, at *5 (D.V.I. March 14, 2017) (awarding attorney's fees of $1,770.00 in an uncontested foreclosure case).

  **B.**  **Costs and Expenses**

With regard to costs, under the terms of the Note, Defendants agreed to pay "all of [the Note Holder's] *costs and expenses* in enforcing this Note." (Dkt. No. 1-1 at ¶ 6(E)) (emphasis added). Section 541(a) defines "costs" as costs that are "allowed in a civil action." The term "expenses" is not defined by statute, and the Note states only that "expenses include, for example, reasonable attorneys' fees." *Id.*

The Supreme Court of the Virgin Islands has opined that "costs" and "expenses" do not cover the same outlays of funds in a case. In *Terrell v. Coral World*, 55 V.I. 580 (V.I. 2011), the court noted that Title 5, Sections 541 through 547, "govern the award of costs to a prevailing party in civil litigation." *Id.* at 584. The Court in *Terrell* observed that "'costs are not synonymous with expenses unless expressly made so by statute.'" *Id.* at 591 n.14 (citation omitted). With respect to FNMA's requested reimbursement of expenses, such reimbursement is permitted not by statute, but by contract, the terms of which are regularly enforced by courts. *See Audubon Engineering Co. LLC v. Int'l Procurement & Contracting Group LLC*, 647 F. App'x 95, 100 n.4 (3d Cir. 2016) (Plaintiff was entitled to attorneys' fees pursuant to contract); *Rainey v. Hermon*, 55 V.I. at 886 (enforcing the terms of a contract, including for legal fees and administrative costs, "unless the fee is unreasonable.").

FNMA is seeking reimbursement of $4,867.22—part of which are for statutory costs and part of which are for non-statutory expenses. (Dkt. No. 49-1). These costs and expenses generally are considered reasonably incurred in a debt and foreclosure action. FNMA seeks reimbursement for various fees for filing the action; for certified copies of court records attached to the writ of

execution; for costs relating to the filing of a lis pendens; and for title searches. These non-statutory expenses, totaling $1,231.00, are reasonable and permitted under Virgin Islands law.

The remaining $3,636.22 in costs and expenses relate to service of process attempts and publication of service of process.[2] Although these costs and expenses appear to be in the high range, the Court notes that Plaintiff attempted personal service on Defendant Searles in both the Virgin Islands and Ohio. When that failed, Plaintiff obtained leave of Court to serve Searles by publication in both the Virgin Islands and Ohio. (Dkt. Nos. 6; 9-2; 9-3). Although none of these costs and expenses are accompanied by invoices to verify the expenditures as required by the Local Rules of this Court,[3] the Court has concluded, under the circumstances, that the amounts sought are reimbursable. Accordingly, FNMA is allowed costs and expenses totaling $4,867.22.

### C. Future Costs

In its Application, FNMA anticipates that $500.00 in additional costs would be expended to complete the foreclosure proceedings. (Dkt. No. 33-1 at 2). However, the Court does not award anticipatory requests for costs not yet incurred. FNMA may seek an additional award of attorneys' fees, costs, and expenses to be determined upon appropriate application filed with the Court prior to entry of an Order confirming the sale of the Property. (Dkt. No. 41 at 3).

---

[2] Monies expended for publication of the summons or notices and postage for serving the summons or notices by mail, if reasonable, are recoverable as *costs* under 5 V.I.C. § 541(a)(3). Virgin Islands law also allows reasonable expenditures for certain legal expenses related to items such as title searches, filing and recording fees, and process server fees. *Lakeview Loan Servicing, LLC v. Rodriguez*, 2020 WL 2441412, at *5 (D.V.I. May 12, 2020).

[3] LRCi 54.1(b) requires the application for costs to be verified by the attorney, with *supporting invoices for the costs claimed*. (emphasis added). FNMA's Application fails to comply with this Local Rule. Counsel is cautioned that future applications for attorneys' fees and costs must comply with both the applicable law and the Local Rules—including the attachment of supporting invoices—or such claims may be denied.

An appropriate Order accompanies this Memorandum Opinion.

Date: August 5, 2020

_____/s/_____
WILMA A. LEWIS
Chief Judge